UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES RAY JACKSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV1748 NAB |
| | ) | |
| NICHOLAS PAYNE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Charles Jackson, Jr., (registration no. 1129803), an inmate at Algoa Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $38.54. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $192.70, and an average monthly balance of $63.80. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $38.54, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31

(1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against Nicholas Payne, a police officer for the St. Louis County Police Department.  In his complaint for monetary, declaratory, and injunctive relief, plaintiff alleges that Payne entered plaintiff's mother's home on November 9, 2010, without a valid search warrant and searched the property.  Plaintiff maintains that Payne and other officers searched the house for over two hours without finding anything incriminating.  Plaintiff asserts that after the unsuccessful search Payne took him into custody and took him to the police station for questioning.  Plaintiff says Payne demanded that plaintiff tell him the names of the prominent drug dealers in the area.  Plaintiff claims he told Payne he did not know that information because he was not dealing with those types of people any more.  Plaintiff asserts that Payne took his money, which consisted of 413 dollars, and eventually released him.

Plaintiff says that about a month later Payne sent a falsified report to his probation officer stating that drugs and a gun were found during the search.  Plaintiff claims that, as a result, his parole was revoked and he has been incarcerated.

**Discussion**

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court determined that where a judgment in favor of the plaintiff would necessarily implicate the validity of the plaintiff's conviction or the length of his sentence, a cause of action under § 1983 is not cognizable unless the plaintiff can show that his underlying "conviction or sentence had been reversed on direct appeal, declared invalid by a state tribunal authorized to make such a determination, or called into question by the issuance of a federal writ of habeas corpus." Id. at 487.  "Heck applies to proceedings [that] call into question the fact or duration of parole." Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir.), cert. denied, 516 U.S. 851 (1995).  A plaintiff in a § 1983 suit may not question the validity of the confinement resulting from a parole revocation hearing if he does not allege that the parole board's decision has been reversed, expunged, set aside or called into question. Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir.1995); see also McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir.1995) (Heck bars § 1983 action challenging revocation of supervised release);c.f., Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) (per curiam) (holding that Heck precludes § 1983 action

which would impliedly invalidate a denial of parole as challenge to duration of confinement).

A Fourth Amendment claim for unreasonable search and seizure does not necessarily implicate Heck. E.g., Moore v. Sims, 200 F.3d 1170, 1171-72 (8th Cir. 2000). But where, as here, a plaintiff claims that the results of the unlawful search were wholly fabricated, a finding in plaintiff's favor would necessarily imply the validity of his parole revocation. Id. at 1172. ("claim that evidence was unlawfully 'planted' was Heck-barred and therefore properly dismissed."). As a result, plaintiff's claims for damages and declaratory relief are barred by Heck.

In his request for injunctive relief, plaintiff requests release from incarceration and reinstatement on parole. Such relief is not available under § 1983 but is properly sought in a habeas corpus petition after exhaustion of state remedies. See Preiser v. Rodriguez, 411 U.S. 475, 487-90 (1973). After reviewing the complaint, the Court finds no indication that plaintiff intended to bring this as a habeas action. As a result, the Court will dismiss this action under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $38.54 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

So Ordered this 27th day of October, 2011.

*[signature]*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE